**Leslie Kell, Plaintiff-Appellee, v. Alois Kosary, as Administrator of the Estate of Gertrude Kosary, Deceased, and Louis Kosary, Defendants-Appellants.**

**Gen. No. 51,623.**

First District, Fourth Division.

March 27, 1968.

Mathew K. Szygowski, Moriarity, Rose, Faccenda & Hultquist, of Chicago, for appellants.

Walter F. Briody, of Blue Island, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendants appeal from a judgment of $8,947.47 entered in favor of plaintiff after a bench trial. On appeal defendants contend that plaintiff's claim for "extras" was barred by the Statute of Limitations, that the absence of a written agreement for extras as required by the contract barred the claim and that the testimony of plaintiff's wife was incompetent.

The original complaint was filed on May 23, 1962, and alleged that plaintiff entered into a written contract with

Gertrude Kosary on April 7, 1954; that he agreed to provide materials and labor for the improvement of certain buildings owned by the Kosarys for the sum of $19,810; that plaintiff provided all labor and materials required by the contract and also "additional work and materials requested by the defendants"; that the Kosarys had made certain payments but still owed plaintiff $8,947.47. Defendants' answer admitted the execution of the contract but denied that it was executed on behalf of both defendants or that plaintiff did additional work or that there was any balance due under the contract and asked that the suit be dismissed.

Gertrude Kosary died after the filing of the original complaint and plaintiff was given leave to amend the complaint substituting the administrator of her estate for the decedent. Plaintiff then filed an amended complaint substantially repeating the allegations of the original complaint but adding "and requests" to a sentence reading: "That said defendants . . . made certain payments required under said contract *and requests.*" Defendants then moved to strike the amended complaint, first, because the written contract provided that any change of the original contract's terms must be in writing [1] and second, because any oral agreement was barred by the five-year Statute of Limitations. The court denied the motion to strike.

We believe the court erred in denying the motion to strike the complaint. It alleged that plaintiff was due $8,947.47 under a written contract for $19,810 and for "additional labor and materials requested of him." Defendants stated in their motion to strike that the claim

---

[1] The contract provided:

Any alteration or deviation from the above specifications involving extra cost of material or labor will only be executed upon written orders for same, and will become an extra charge over the sum mentioned in this contract. All agreements must be made in writing.

for "extras" was not in writing as provided in the contract and was therefore not enforceable. Their principal argument, however, was that the request for "extras" must have been oral and therefore barred by the five-year Statute of Limitations.[2] Since the cause of action for the "extras" accrued in 1954, the institution of suit in 1962 is too late if it is governed by the Statute of Limitations for oral contracts. In Brown v. Kragel, 2 Ill App 414, plaintiff contracted in writing to perform the carpentry work in the construction of a house. Plaintiff sued on the written contract and for "extras." While upholding the validity of the suit under the written contract, the court held that for the purposes of the Statute of Limitations the claim for "extras" was separate and barred by the five-year statute.

The amended complaint showed on its face that the amount claimed was due both under the written contract and for "requests" for additional work. In their motion to strike defendants stated that there was no written contract for these "requests." Plaintiff did not contravene this assertion or assert any facts which would have removed the five-year bar of the Statute of Limitations on oral contracts.[3] Therefore the "requests" for additional work had to be considered as oral and subject to the five-year Statute of Limitations.

Plaintiff now argues that the agreement for extras, though not reduced to writing, was a modification of the

---

[2] The Statute of Limitations requires that suit be instituted within five years of the time the cause of action accrues on oral contracts and within ten years on written contracts. Ill Rev Stats, c 83, §§ 16 and 17 (1963).

[3] Ill Rev Stats, c 110, § 48 (1965) entitled "Involuntary dismissal based upon certain defects or defenses" provides in part in subsection (3):

If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating grounds of defect, the court may hear and determine the same and may grant or deny the motion.

written contract itself rather than a separate agreement and therefore governed by the ten-year statute. The written contract called for the construction of nurses' quarters, a garage and a building connecting the two. The "extras" were for the remodeling of an old garage with additional rooms and an extra bathroom and attaching the old garage to the building described in the written contract. The extra work was so different from that called for under the contract that it was the subject of a separate oral agreement rather than a mere modification of the written contract.[4]

The motion to strike the amended complaint should have been allowed. Plaintiff combined both the amount due under the written contract and the amount due for "extras." Since the evidence disclosed that there is a balance due plaintiff under the original written contract for $19,810, the plaintiff is entitled to seek recovery for any amount that may be due thereunder. We reverse the judgment and remand the cause with directions to strike the amended complaint and grant leave to plaintiff to file a second amended complaint for such amount as may be due plaintiff under the original written contract for $19,810.

We find no necessity for a consideration of other points urged by defendants.

Reversed and remanded with directions.

McCORMICK, P. J. and ENGLISH, J., concur.

---

[4] We are not to be considered as holding that if the later agreement were properly deemed to be a modification of the original contract, it would necessarily follow that the ten-year limitation period would apply.